[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR PARTIAL SUMMARYJUDGEMENT AS TO THE FIRST TWO COUNTS OF PLAINTIFF'S COMPLAINT
The plaintiff has filed a fourteen count complaint seeking money damages as well as other forms of relief from the defendants. The suit arises out of certain contractural [contractual] relations, both written and oral, between the plaintiff and the defendants.
Before the court is the defendants' motion for partial summary judgement as to the first and second counts of the complaint. The motion is premised on the claim that the statute of frauds bars both counts.
The statute of frauds, General Statutes Section 52-550
provides in pertinent part.
 "(a) No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or agent of the party, to be charged:. . . (5) upon any agreement that is not to be performed within one year from the making thereof;. . ."
In order to succeed on this motion the defendants must show that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law. Practice Book Section 384.
The first count is based, at least in part, on an alleged breach of a written contract entered into by the defendant corporation, and eventually assigned by the other party to the plaintiff. The statute of frauds is not a defense to that type of agreement. A motion for summary judgment must dispose of all claims in a count, not merely some of the allegations. Tracy v.Chorsima Aviation, Ltd., Doc. No. 270725 (Hadden J., January 20, 1993); Schofield v. Bic Corporation, Doc. No. CV 86 0212445 (Fuller, J., January 31, 1991). The motion is denied with respect to the first count.
The second count is entitled "Breach of Guaranty Agreement". The parties appear to be assuming that this count is based solely on a breach of the "oral" contract, which contract was allegedly created by the action of the membership of the corporate defendant taken at a meeting on October 18, 1989, although the allegations of the second count are not clear in this regard. However, the court will assume, as do the parties, that this count is based solely on CT Page 319 the so-called oral contract.
As indicated above, the movant must demonstrate that there is no genuine issue of material fact and that it is entitled to judgment on the second count as a matter of law. There appear to be substantial issues of material fact including, but not necessarily limited to, whether or not the action taken on October 18, 1989, constituted a separate contract distinct from the earlier written contract, whether the oral contract was a contract that could not be performed within one year, whether certain documents between the parties are sufficient to satisfy the statute of frauds, and whether the plaintiff took certain actions in reliance upon this oral contract which would estop the defendants from raising the statute of frauds as to a defense.
Accordingly, the defendant's motion for summary judgment as the first: and second counts is denied.
William L. Hadden, Jr., Judge